# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

STEVEN OLIVA,
           Appellant,

                     v.

DEPARTMENT OF VETERANS
     AFFAIRS,
           Agency.

DOCKET NUMBERS
DA-1221-16-0199-W-1
DA-1221-15-0520-W-1

DATE: May 5, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Steven Oliva</u>, Fair Oaks Ranch, Texas, pro se.

<u>Melissa Lynn Binte Lolotai</u>, Esquire, Denver, Colorado, for the agency.

<u>Janet E. Harford</u>, Esquire, Temple, Texas, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in connection with his two individual

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

right of action (IRA) appeals, joined for adjudication. For the reasons set forth below, the appellant's petition for review is DISMISSED as untimely filed with no good cause shown. 5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

¶2 In an initial decision issued on January 13, 2017, the administrative judge found that, while the appellant established the Board's jurisdiction over the joined IRA appeals, he failed to establish that he, in fact, made a protected disclosure, and she, therefore, denied his request for corrective action. *Oliva v. Department of Veterans Affairs*, MSPB Docket Nos. DA-1221-16-0199-W-1, DA-1221-15-0520-W-1, Initial Appeal File (IAF), Tab 31, Initial Decision (ID). The administrative judge noted that the appellant had asserted that the personnel actions at issue were also taken in response to the agency's perception of him as a whistleblower. She found, however, that he had failed to establish that he exhausted his remedies with the Office of Special Counsel (OSC) on the issue of whether the agency perceived him as a whistleblower and that therefore the Board lacked jurisdiction over that claim. ID at 12 n.8. The administrative judge notified the parties that the initial decision would become final on February 17, 2017, if neither party filed a petition for review. ID at 17.

¶3 On December 18, 2018, the appellant filed a petition for review in which he explained that, based on information he received from OSC in response to a Freedom of Information Act request he had filed, he had just learned that the initial decision in his IRA appeals "was issued in error." Petition for Review (PFR) File, Tab 1 at 4. The specific error, he asserted, was the administrative judge's determination that she lacked jurisdiction to consider his claim that the agency perceived him as a whistleblower. *Id.* at 5. Based on that error, the appellant explained, he was required to relitigate the matter before OSC and the Board, and it took 2 years for him to get any relief, although he did not get full relief because those who retaliated against him were not held fully accountable.

*Id.* at 7.  The appellant stated that, because he did not have the evidence (OSC's correspondence) by the filing deadline, he did not realize the impact the initial decision would have on him.  *Id.* at 5.  He asked that the initial decision be vacated and that a subsequently issued initial decision issued by another administrative judge granting him corrective action be made the Board's final decision on this matter.  *Id.* at 6.  With his petition for review, the appellant submitted copies of his correspondence with OSC.  *Id.* at 9-16.

¶4      The Office of the Clerk of the Board (Clerk) notified the appellant that the petition for review appeared to be untimely filed because it was not postmarked or received on or before February 17, 2017.  PFR File, Tab 2.  The Clerk afforded the appellant an opportunity to file a motion to accept his filing as timely and/or to waive the time limit for good cause and stated that such a motion must be accompanied by a statement signed under penalty of perjury, or an affidavit, filed on or before January 4, 2019.  *Id.* at 2.  In response, the appellant filed a statement signed under penalty of perjury.  PFR File, Tab 3.

## ANALYSIS

¶5      The Board's regulations require that a petition for review be filed within 35 days after the date of issuance of the initial decision, or, if a party shows that he received the initial decision more than 5 days after it was issued, within 30 days after his receipt of the initial decision.  *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e).  The appellant does not indicate that he received the January 13, 2017 initial decision more than 5 days after it was issued.  Therefore, as stated in the initial decision, the petition for review was due 35 days later, on February 17, 2017.  ID at 17.  The appellant's petition for review, filed on December 18, 2018, was more than 22 months late.  PFR File, Tab 1.

¶6      The Board will waive the filing deadline for a petition for review upon a showing of good cause for the untimely filing.  *Palermo*, 120 M.S.P.R. 694, ¶ 4;

5 C.F.R. § 1201.114(g). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4; *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limit or unavoidable casualty or misfortune that similarly shows a causal relationship to his ability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶7        In applying these factors to this case, we first find that, even though the appellant is pro se, the length of the delay, 22 months, is particularly significant. *See, e.g.*, *Keys v. Office of Personnel Management*, 113 M.S.P.R. 173, ¶ 7 (2010) (finding that a filing delay of 17 months is not minimal). The fact that the appellant did not realize what he describes as "the impact" of the "erred" initial decision, PFR File, Tab 1 at 5, Tab 3 at 5, does not establish good cause for his untimely filing. *Brum v. Department of Veterans Affairs*, 109 M.S.P.R. 129, ¶ 6 (2008) (finding that lack of familiarity with legal matters and Board procedures did not establish good cause for the untimely filing of a petition for review). The appellant has not presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the filing time limit or unavoidable casualty or misfortune that similarly shows a causal relationship to his ability to timely file his petition. *Miller v. Department of the Army*, 112 M.S.P.R. 689, ¶ 13 (2009).

¶8 The appellant's main argument in support of his motion to waive the filing deadline is that, based on his communications from OSC, he now knows that the initial decision was incorrectly decided. The discovery of new evidence may establish good cause for the untimely filing of a petition for review "if the evidence was not readily available before the close of the record below, and if it is of sufficient weight to warrant an outcome different from that of the initial decision." *Satterfield v. U.S. Postal Service*, 80 M.S.P.R. 132, ¶ 5 (1998) (quoting *Boyd-Casey v. Department of Veterans Affairs*, 62 M.S.P.R. 530, 532 (1994)). The correspondence from OSC, dated December 2018, is new in that it postdates July 12, 2016, the close of the record below. However, it is not material because it is not of sufficient weight to warrant an outcome different from that of the administrative judge. An OSC employee's opinion on an issue in a case before the Board does not constitute binding precedent. *Cf. Conway v. Office of Personnel Management*, 59 M.S.P.R. 405, 412 n.4 (1993) (finding that an initial decision which reached the opposite result on the same issue that is involved in a current Board appeal is not a matter for resolution by the Board). Therefore, the evidence the appellant has proffered on review does not establish good cause for the untimely filing of his petition for review.

¶9 In sum, the appellant has not shown that he exercised due diligence or ordinary prudence under the circumstances, and his petition for review must be dismissed. *Palermo*, 120 M.S.P.R. 694, ¶ 4.

¶10 Accordingly, we dismiss the petition for review as untimely filed with no good cause shown. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the joined IRA appeals.

**NOTICE OF APPEAL RIGHTS[2]**

You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).

If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                            /s/ for
                                          _____
                                          Jennifer Everling
                                          Acting Clerk of the Board
Washington, D.C.